IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 8 – 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01750-ZLW

MIKE CONNER,

   Plaintiff,

v.

SGT. McMAYHILL,
NURSE KATHY GREY,
NURSE DIAGO,
STERLING MEDICAL DEPARTMENT,
B. FULTON,
FREMONT MEDICAL DEPARTMENT,
DRDC MEDICAL DEPARTMENT,
P.A. HAVENS,
CATHIE HOLST, and
ANNA COOPER,

   Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter before the Court is the "Motion to Vacate Dismissal" filed by Plaintiff Mike Conner, on November 8, 2005.  Mr. Conner is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at Fremont Correctional Facility in Cañon City, Colorado.

On August 31, 2005, Mr. Conner submitted to the Court a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Magistrate Judge O. Edward Schlatter granted Mr. Conner leave to proceed pursuant to 28 U.S.C. § 1915, on September 8.  In the September 8 Order, Magistrate Judge Schlatter directed Plaintiff to pay an initial partial filing fee of $85.00

within thirty days or to show cause why he has no assets and no means by which to pay the designated initial fee.

The September 8 Order warns Mr. Conner that if he fails within the time allowed to have the $85.00 sent to the Clerk of the Court or to show cause why he has no assets and no means by which to pay the $85.00 the Complaint would be dismissed without further notice. Mr. Conner failed either to pay the $85.00 or to show cause why he was unable to do so within the time allowed. Therefore, on October 26, the Court dismissed the Complaint and the action without prejudice.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; **see also *Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." ***Sherr v. Sierra Trading Corp.***, 492 F.2d 971, 978 (10th Cir. 1974). The October 26 Order

dismissed the Complaint and action without prejudice for Plaintiff's failure to pay the $85.00 initial partial filing fee within the time allowed. The instant Motion was filed on November 8. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

In the Motion, Plaintiff claims that he submitted a "Request for Money Order" form to DOC staff on September 26, 2005, requesting that the $85.00 be submitted to the Court for payment of the initial partial filing fee. Plaintiff has provided a copy of the request form that shows September 26, 2005, as the date Plaintiff apparently signed the form. However, the same form shows that the form was not received by DOC staff for processing until October 27, 2005.

Although it is not clear why it took a month from the time Plaintiff signed the form until it was received by DOC staff for processing, Plaintiff knew that he was required to submit the $85.00 to the Court by October 8, yet he waited until September 26 to request that the monies be sent to the Court. He also did not communicate with the Court when he did not receive notification of whether the money had been sent.

Plaintiff does not indicate that receipt of the Court's September 8 Order was delayed. Allowing four days for the mail, as September 11 was a Sunday, Plaintiff should have received the September 8 Order, which was mailed on September 8, by September 12. Plaintiff then waited two weeks to submit the request. Plaintiff is responsible for providing filing fees to the Court on a timely basis, and when he is not able to submit such fees on a timely basis informing the Court of his need for an extension of time.

3

Simply asserting that he has no control over when the money order is mailed is an insufficient reason for vacating the Court's October 26 Order of Dismissal. The Court notes that from the time DOC staff received Plaintiff's request for processing, on October 27, until the Court received the payment, October 31, was only four days, one of which was a Sunday. Furthermore, Plaintiff also had sufficient time to notify the Court when by October 8 he had not received notice from DOC staff that the request for monies had not been processed, as the Complaint and action were not dismissed until October 26.

Therefore, upon consideration of the entire file, the Court finds and concludes that Mr. Conner fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the action. Mr. Conner is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion filed with the Court on November 8, 2005, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied. It is

FURTHER ORDERED that the Clerk of the Court is directed to return the $85.00 to Plaintiff.

DATED at Denver, Colorado, this 6 day of December, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01750-ZLW

Mike Conner
Prisoner No. 63472
Fremont Correctional Facility
PO Box 999
Canon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12-8-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk